UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Armand Coryea, | Civil No. 06-1545 (PAM) |
| | Crim. No. 04-320 (PAM/RLE) |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

This matter is before the Court on James Armand Coryea's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. For the reasons that follow, the Court denies the Motion.

On January 19, 2005, a jury convicted Coryea of three counts of tax evasion in violation of 26 U.S.C. § 7201 and three counts of failure to file a tax return in violation of 26 U.S.C. § 7203. On July 14, 2005, the Court sentenced Coryea to concurrent terms of twenty-one months imprisonment on each of the tax evasion counts and twelve months imprisonment on each of the failure to file counts. Coryea reported to the Federal Prison Camp in Duluth, Minnesota on August 19, 2005. Coryea now asks the Court to allow him to serve the remainder of his sentence under home confinement rather than in the custody of the Bureau of Prisons. He submits that his family is suffering dramatically due to his incarceration.[1]

---

[1] The Court notes that Coryea is scheduled for release to a residential reentry center on October 31, 2006.

As an initial matter, Coryea's reliance on 28 U.S.C. § 2255 is misplaced. Coryea is not collaterally challenging his conviction or sentence. Rather, he merely seeks to modify the sentence he implicitly concedes is valid. Thus, the Court construes the instant Motion as seeking a modification of a sentence is under 18 U.S.C. § 3582(c).

However, § 3582(c) provides Coryea no relief. The Director of the Bureau of Prisons has not moved for a reduction of Coryea's sentence, and no extraordinary and compelling reason warrants a reduction. See 18 U.S.C. § 3582(c)(1)(A). Moreover, none of the circumstances set forth in Federal Rule of Criminal Procedure 35 apply. See id. § 3582(c)(1)(B). Finally, the Court finds that the sentence previously imposed is consistent with the factors set forth in 18 U.S.C. § 3553(a), so Coryea cannot rely upon § 3582(c)(2).

Because no ground exists to justify a reduction or modification of Coryea's sentence, **IT IS HEREBY ORDERED** that Coryea's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 (Docket No. 1) is **DENIED**.

Dated: October 18, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge